Original Decision Mailed:                                    Redesignation:

May 3, 2019                                                  March 30, 2021

UNITED STATES PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

*Royal Crown Company, Inc. and Dr Pepper / Seven Up, Inc.*
*v.*
*The Coca-Cola Company*

———

Opposition Nos. 91178927 (Parent Case); 91180771; 91180772; 91183482; 91185755; 91186579; and 91190658

———

Barbara A. Solomon, Laura Popp-Rosenberg, and Emily Weiss of Fross Zelnick Lehrman & Zissu, P.C., for Royal Crown Company, Inc. and Dr Pepper/Seven Up, Inc.

Bruce W. Baber of King & Spalding LLP for The Coca-Cola Company.

———

By the Board:

The Board has chosen to redesignate the decision that issued on May 3, 2019 as a precedent. A copy of the decision, bearing such designation, is attached.

# # # #

This Decision is a
Precedent of the TTAB

Mailed: May 3, 2019

UNITED STATES PATENT AND TRADEMARK OFFICE

––––

Trademark Trial and Appeal Board

––––

*Royal Crown Company, Inc. and Dr Pepper / Seven Up, Inc.*
*v.*
*The Coca-Cola Company*

––––

Opposition Nos. 91178927 (Parent Case); 91180771; 91180772; 91183482;
91185755; 91186579; and 91190658

––––

Barbara A. Solomon, Laura Popp-Rosenberg, and Emily Weiss of Fross Zelnick
Lehrman & Zissu, P.C., for Royal Crown Company, Inc. and Dr Pepper/Seven Up, Inc.

Bruce W. Baber of King & Spalding LLP for The Coca-Cola Company.

––––

Before Zervas, Hightower, and Lynch,
      Administrative Trademark Judges.

Hightower, Administrative Trademark Judge:

On September 27, 2018, after remand of this case by the Court of Appeals for the

Federal Circuit in *Royal Crown Co. v. Coca-Cola Co.*, 892 F.3d 1358, 127 USPQ2d

1041 (Fed. Cir. 2018), the Board resumed proceedings and ordered the parties to

rebrief certain issues. 175-77 TTABVUE. In lieu of a brief, Applicant The Coca-Cola

Company (TCCC) filed, without consent from Opposers Royal Crown Company, Inc.

and Dr Pepper/Seven Up, Inc. (RC), a motion to amend its sixteen pending

applications subject to these proceedings to disclaim the word ZERO pursuant to

Trademark Act Section 6, 15 U.S.C. § 1056, and Trademark Rule 2.133, 37 C.F.R. § 2.133. Motion to Amend, 183 TTABVUE. "TCCC believes that entry of these disclaimers will resolve the issues in these proceedings without any further activity needed on the part of the Board." Motion to Amend, 183 TTABVUE 2.[1]

RC filed a brief in opposition, arguing in part that: "Opposers' request for relief has always been a determination that 'zero' is generic or merely descriptive. Entry of a disclaimer is the manner in which that relief is demonstrated, but a disclaimer in and of itself does not resolve the legal issues in this opposition." Opposition to Motion to Amend at 2, 184 TTABVUE 3. RC asks that the Board defer ruling on the motion to amend until it has issued a full decision on the merits.

In reply, TCCC argues that the issues RC raises are moot in light of its agreement to enter the disclaimers. *See* Reply in Support of Motion to Amend at 4, 186TTABVUE 5. "Granting the motion now will result in the termination of these proceedings without any further unnecessary expenditure of time or resources by theBoard or by the parties; no 'final decision' is necessary for Opposers to obtain the relief they seek." *Id.* at 5, 186 TTABVUE 6. TCCC further notes that "Opposers' pleadings contain no prayer for such relief [a declaration as to genericness ordescriptiveness] . . . , and the Board could not entertain such a request for declaratoryrelief in any event." *Id.*

---

[1] We find that this motion supersedes TCCC's pending motions, filed July 22, 2016, to amend the descriptions of the goods in the four applications subject to Opposition Nos. 91185755 and 91190658. On August 26, 2016, consideration of those motions was deferred until conclusion of the appeal. The superseded motions are dismissed as moot.

We agree with TCCC. Disclaimer of the term ZERO from each of the applications was the only relief sought by RC in its Amended Notice of Opposition. 39 TTABVUE. Because the disclaimers are acceptable, the Board in its discretion grants TCCC's motion under Trademark Rule 2.133(a). *See* Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 514.03 (2018) ("The Board, in its discretion, may grant a motion to amend an application or registration that is the subject of an interpartes proceeding, even if the other party or parties do not consent thereto.").

The amendments are approved, the reference to Section 2(f) in part is deleted, and the following disclaimer is entered in each of the applications listed below: "No claim is made to the exclusive right to use 'ZERO' apart from the mark as shown."

| Opposition No. | Application No. | Mark |
| --- | --- | --- |
| 91178927 | 78580598 | COCA-COLA ZERO |
| 91180771 | 78316078 | SPRITE ZERO |
| 91180772 | 78664176 | COKE ZERO |
| 91183482 | 77175066 | COKE CHERRY ZERO |
| 91183482 | 77175127 | CHERRY COCA-COLA ZERO |
| 91183482 | 77176108 | COCA-COLA VANILLA ZERO |
| 91183482 | 77176127 | CHERRY COKE ZERO |
| 91183482 | 77176279 | COCA-COLA CHERRY ZERO |
| 91183482 | 77097644 | PIBB ZERO |
| 91185755 | 76674382 | COKE ZERO ENERGY |
| 91185755 | 76674383 | COKE ZERO BOLD |
| 91185755 | 77176099 | VANILLA COKE ZERO |
| 91186579 | 77257653 | VANILLA COCA-COLA ZERO |

| Opposition No. | Application No. | Mark |
|----------------|-----------------|------|
| 91186579 | 77309752 | POWERADE ZERO |
| 91186579 | 78620677 | FANTA ZERO |
| 91190658 | 78698990 | VAULT ZERO |

These consolidated opposition proceedings are dismissed.